UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TION ALONZO HILL,<br><br>    Petitioner,<br><br>    v.<br><br>ERIC ARNOLD, Warden<br><br>    Respondent. | No. 2:17-cv-2200 AC P<br><br>ORDER |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. By separate order, respondent will be directed to file an answer to the petition. This order is intended to clarify the status of the case.

Petitioner filed the instant petition on October 20, 2017. ECF No. 1. Shortly thereafter, on November 8, 2017, petitioner filed a motion to stay and abey the petition pursuant to Rhines v. Weber, 544 U.S. 269 (2005). ECF No. 3. That motion was denied, and petitioner was directed to do one of the following: (a) file a motion to stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), (b) file a motion to amend the petition to add the unexhausted claims along with a copy of the proposed amended petition, or (c) file a notice stating that he wanted to proceed on the current petition without a stay. See ECF No. 4 at 3.

1

Petitioner did none of these things. Instead, he filed a "request for permission to file a motion for stay." ECF No. 5.[1] The request simply asked for permission to file a motion for a Kelly stay. Such permission had already been granted, and the request was therefore moot when it was made.

Because petitioner never provided this court with the unexhausted claims that he wished to present to the state courts, this court was in no position to determine whether further exhaustion would be futile and a Kelly stay therefore inappropriate. See, King v. Ryan, 564 F.3d 1133, 1141-43 (9th Cir. 2009); Knowles v. Muniz, 228 F. Supp. 3d 1009, 1016 (C.D. Cal. 2017). Nonetheless, petitioner was informed on January 11, 2018, that he did not need a formal stay of these federal proceedings in order to return to state court with unexhausted claims, and that he could and should proceed to exhaust any additional claims without delay. ECF No. 4 at 3 n.1. Petitioner has now had over 18 months to do so. No motion to amend the petition to add newly-exhausted claims has been filed.

Petitioner having had ample time to seek relief on previously unexhausted claims in state court, this case will proceed. Petitioner is free to make a motion to amend if he has in fact exhausted additional claims that he wishes to add to the federal petition.

DATED: August 2, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Because the filing was not styled as a motion, it did not promptly come to the court's attention.

2