UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TION ALONZO HILL,<br><br>            Plaintiff,<br><br>     v.<br><br>ERIC ARNOLD,<br><br>            Defendant. | No. 2:17-cv-02200-TLN-AC<br><br>**ORDER** |

Petitioner Tion Alonzo Hill ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 20, 2017. (ECF No. 1.) The matter was fully briefed as of January 9, 2020. (*See* ECF No. 26.) Petitioner filed a request for status on March 12, 2021. (ECF No. 29.) The Court responded by stating, "The Court will notify you as soon as any action is taken in your case." (*Id.*) Petitioner then filed a petition for a writ of mandamus before the Ninth Circuit on May 6, 2021, requesting that the Ninth Circuit order this Court to enter judgment on his pending habeas petition. (*See* ECF No. 30; Appeal Docket ECF No. 1-3 at 5.) Petitioner argues "the Court has exceeded the 455 days provided for adjudication" of his habeas petition pursuant to 28 U.S.C. § 2266. (Appeal Docket ECF No. 1-3 at 5.) On May 8, 2021, the Ninth Circuit issued an order stating that "[t]he district court, within 14 days after the date of this order, may address the petition if it so desires" by filing an answer or a supplemental order. (Appeal Docket ECF No. 2 at 1.)

28 U.S.C. § 2266(b)(1)(A) states in relevant part, "A district court shall render a final determination and enter a final judgment on any application for a writ of habeas corpus brought under this chapter in a capital case not later than 450 days after the date on which the application is filed."[1]  This is not a capital case.  Petitioner was convicted of second degree murder and attempted arson and sentenced to a term of imprisonment.  (ECF No. 1 at 1.)  As such, the 450-day provision in 28 U.S.C. § 2266(a)(1)(A) is not applicable here.  However, the Court is mindful that the matter has been pending since 2017 and will rule on the petition forthwith.

The Clerk of Court is directed to serve a copy of this Order to the Ninth Circuit Court of Appeals in Case No. 21-71065.

IT IS SO ORDERED.

DATED:  June 10, 2021

Troy L. Nunley
United States District Judge

---

[1] It appears Petitioner references a 455-day deadline — rather than a 450-day deadline — in error.  The Court has carefully reviewed 28 U.S.C. § 2266 and concludes that Petitioner was referencing 28 U.S.C. § 2266(b)(1)(A), as no other section is relevant to Petitioner's arguments.

2